IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60600
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DERRICK L. BEALS, also known as "D",

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-8BS
- - - - - - - - - -
August 15, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Derrick Beals argues he received ineffective assistance of counsel at his sentencing hearing, and that the district court improperly considered uncharged drug transactions as relevant conduct under the United States Sentencing Guidelines.

     We decline to consider the merits of Beals' ineffective assistance of counsel claim because the record is not sufficiently developed to determine whether the attorney's

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

performance was deficient or whether there was a reasonable probability that, but for the attorney's conduct, Beals' sentence would have been significantly less significant.  <u>United States v. Seyfert</u>, 67 F.3d 544, 547 (5th Cir. 1995); <u>see</u> <u>also</u> <u>United States v. Thomas</u>, 12 F.3d 1350, 1368 (5th Cir. 1994).

The plea agreement signed by Beals expressly bars his appeal of the district court's counting his crack cocaine dealings as relevant conduct for sentencing purposes.  We consider this issue as waived.  <u>United States v. Price</u>, 95 F.3d 364, 367 (5th Cir. 1997).

AFFIRMED.